## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3052 | **DATE** | 6/16/2008 |
| **CASE TITLE** | U.S. ex rel. Randy Walker (N-54451) v. Yolande Johnson | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to file *in forma pauperis* [3] is granted. Petitioner is given 30 days from the date of this order to show cause why his action should not be dismissed as untimely. If Petitioner fails to respond to this order, the Court shall strike the petition and terminate this case.

■[ For further details see text below.]                                                                                     Docketing to mail notices.

### STATEMENT

     Petitioner's motion for leave to file *in forma pauperis* is granted. However, it appears that the instant petition is untimely. Petitioner was convicted of possession of a controlled substance with intent to deliver on November 16, 1998. The Illinois Appellate Court affirmed his conviction on August 23, 1999. Petitioner did not appeal to the Illinois Supreme Court. Petitioner filed a petition for post-conviction relief in September 2004, which was denied on September 2, 2005. The Illinois Appellate Court affirmed the denial on September 27, 2007. The Illinois Supreme Court denied Petitioner leave to appeal on January 31, 2008.

     Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; the date on which the impediment to filing an application created by state action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. The limitations period tolls while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

pending. ..." 28 U.S.C. § 2244(d)(2). To be "properly filed" a post-conviction petition must comply with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Petitioner's direct appeal became final 90 days after the Appellate Court of Illinois affirmed his conviction on August 23, 1999. However, Petitioner did not file his petition for post-conviction relief until September 2004, more than four years after his direct appeal became final. The one-year statute of limitations would apparently bar this case. While § 2244(d)(1) provides several specific exceptions to this rule, none appear to apply to this case. Accordingly, the Court gives Petitioner 30 days from the date of this order to show cause why his habeas petition should not be dismissed as untimely. If Petitioner does not respond as to why his habeas petition should not be dismissed as untimely within 30 days of the date of this order, the Court shall strike the petition and terminate this case.