IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. RANDY WALKER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No.  08 C 3052 |
| YOLANDE JOHNSON, Warden, | ) ) | The Honorable James B. Zagel, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO COMPEL

Pursuant to Rule 7 of the Federal Rules of Civil Procedure, respondent YOLANDE JOHNSON moves that petitioner be compelled to sign the attached "Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information" ("authorization") so that the Illinois Department of Corrections can release petitioner's complete mental health records to respondent's counsel for purposes of responding both to the allegations raised in petitioner's answer to this Court's Rule to Show Cause regarding the timeliness of his habeas petition (Doc. 12), and to the claims in the habeas petition itself.  (Doc. 1).  In support, respondent states as follows:

1.   Petitioner Randy Walker is identified as prisoner N54451, and is in the custody of Yolande Johnson, Warden of the Vienna Correctional Center in Vienna, Illinois.

2. On November 16, 1998, petitioner was found guilty by a jury in the Circuit Court of Cook County, Illinois of one count of possession of a controlled substance with intent to deliver, and sentenced to a term of 24 years' imprisonment.

3. Petitioner appealed and, on August 23, 1999, the state appellate court affirmed. Petitioner did not file a Petition for Leave to Appeal (PLA) in the state supreme court.

4. From August 23, 1999 until October 23, 2003, petitioner had nothing pending before the Illinois courts. Therefore, without the benefit of equitable tolling, petitioner's habeas petition is untimely, a point petitioner concedes. *See* Pet. ¶4. This Circuit has never identified circumstances warranting equitable tolling of the limitation period in section 2244(d)(1). *See Tucker v. Kingston*, No. 08-1405, 2008 WL 3563835, *1 (7th Cir. Aug. 15, 2008) ("Indeed, we have yet to identify a petitioner whose circumstances warrant [equitable tolling].").

5. While petitioner argues his entitlement to equitable tolling and cites to his medical records in his response to this Court's Rule to Show Cause (Doc. 12), petitioner did not attach any such records to the response. *Id*. The burden of proof is on the habeas petitioner to persuade the court that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Moreover, petitioner's mental state is critical to the issue of whether his habeas petition can be considered timely; and, if this Court reaches the merits of his claims, his mental state is also the subject of his claims. Petitioner claims:

    (a)    the trial court violated his due process rights by not ordering a fitness hearing;

    (b)    trial counsel was ineffective for failing to investigate his mental health or request a fitness hearing;

    (c)    his state postconviction petition was wrongly dismissed where he had made a substantial showing of the aforementioned due process and ineffectiveness claims; and

    (d)    he was unable to file a timely federal habeas petition due to his serious mental illness and low IQ.

Pet. at 12-24.

    6.    Upon receipt of the petition, respondent's counsel called the Health Department at the Vienna Correctional Center, where petitioner is currently incarcerated. The Department confirmed that they have the relevant records, but informed respondent's counsel that Department of Corrections regulations prohibit them from releasing the records to counsel absent petitioner's express waiver.

    7.    Because petitioner has expressly put his mental fitness at issue, in order for respondent to be able to answer petitioner's claims, including whether he was able to file a timely habeas petition, respondent needs to examine petitioner's mental health records. *See Davis v. Berge, et al.*, No. 01 C 265, 2002 WL 32340879, *15 (W.D. Wis. July 15, 2002) (holding that in 42 U.S.C. § 1983 action, prisoner placed his mental health at issue in filing lawsuit making claims of psychological harm, and therefore was obligated to sign authorizations to release medical records for defendants' use in defending suit). Therefore, this Court should order petitioner to sign the accompanying authorization ordering him to release his mental health

records to respondent's counsel for use in addressing the question of petitioner's timeliness, as well as answering the substantive claims raised in petitioner's habeas petition.

## **CONCLUSION**

This Court should compel petitioner to sign the attached "Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information" to allow respondent's counsel to obtain petitioner's mental health records for use in defending against the instant petition. Further, respondent asks that this case be stayed until he receives the records from petitioner.

August 21, 2008                                         Respectfully submitted,

                                                        LISA MADIGAN
                                                        Attorney General of Illinois

                                        By:     s/Russell K. Benton_____
                                                RUSSELL K. BENTON, Bar # 6203142
                                                100 West Randolph Street, 12th Floor
                                                Chicago, Illinois 60601-3218
                                                PHONE: (312) 814-2113
                                                FAX: (312) 814-5166
                                                E-MAIL: Rbenton@atg.state.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2008, I electronically filed respondent's **Motion to Compel** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on this same date, I mailed the same document by United States Postal Service to the following non-registered participant:

Randy Walker, N54451
Vienna Correctional Center
P.O. Box 200
Vienna, IL 62995

                                              By:    s/Russell K. Benton
                                                            RUSSELL K. BENTON, Bar # 6203142
                                                            100 West Randolph Street, 12th Floor
                                                             Chicago, Illinois 60601-3218
                                                            PHONE: (312) 814-2113
                                                            FAX: (312) 814-5166
                                                            E-MAIL: Rbenton@atg.state.il.us

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. RANDY WALKER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No.  08 C 3052 |
| YOLANDE JOHNSON, Warden, | ) ) | The Honorable James B. Zagel, |
| Respondent. | ) | Judge Presiding. |

## ORDER

This causing coming to be heard on motion of respondent to compel petitioner to sign the attached "Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information," and stay these proceedings until receipt of said records, the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the motion be and the same is GRANTED/DENIED.

ENTER:

_____
Judge James B. Zagel

Russell K. Benton, Bar No. 6203142
Attorney for: Respondent
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 814-2113
E-mail: Rbenton@atg.state.il.us

Case 1:08-cv-03052  Document 14  Filed 08/21/2008  Page 8 of 8

ILLINOIS DEPARTMENT OF CORRECTIONS

# Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information

### This Authorization may not be used for medical health information (use form DOC 0241)

The Department of Corrections will not condition treatment on this authorization. Mental health information disclosed pursuant to this authorization may not be further disclosed except pursuant to authorization from the offender or offender's representative. If this authorization is for psychotherapy notes, it must not be used as an authorization for any other type of protected health information.

I hereby authorize _____ to release
                                        Facility

**Section A: Mental Health Information** (State specific Mental Health information to be disclosed including date(s) or date range) :

_____
_____
_____
_____
_____

**Section B: Substance Abuse Treatment Information** (as indicated below) :

If Substance Abuse Treatment records are being authorized, initial all relevant areas below (including date(s) or date range):

☐ Diagnosis _____      ☐ Toxicological Reports/Drug Screens _____
☐ Evaluation/Assessment _____      ☐ Medication Management Information _____
☐ Treatment Plan _____      ☐ Attendance in Treatment _____
☐ Summary of Treatment Services _____      ☐ Treatment Progress Report _____
☐ Continuing Care Plan _____      ☐ Educational Information _____
☐ Other (specify): _____

☐ At Request of Offender and/or: _____
                                        Purpose of disclosure

from the records of _____ _____
                        ID#                Print Offender's Name

to:   ☐ Self     ☐ Authorized Attorney     ☐ Health Care Facility     ☐ Other: _____

Name: _____
                    Print Name

Address: _____ _____ _____ _____
            Street Address              City        State   Zip Code

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

☐     45 days from date of signature

☐     Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):

        _____

**Signature:**

_____  _____  _____
Signature of Offender or Person Authorized to Consent         Relationship                  Date

**Witness:**

_____  _____
Print Name                      Title

_____  _____
Signature                       Date

Give Offender a copy if DOC made the request for release.

Distribution:   Offender's Medical File                                                    DOC 0240 (Rev. 01/2005)

*Printed on Recycled Paper*